NANCY L. ABELL (SB# 88785) nancyabell@paulhastings.com
ELENA R. BACA (SB# 160564) elenabaca@paulhastings.com
HEATHER A. MORGAN (SB# 177425) heathermorgan@paulhastings.com
JOSEPH W. DENG (SB# 179320) josephdeng@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant
CINTAS CORPORATION

Case 3:05-cv-03145-JSW   Document 17   Filed 11/22/2005   Page 1 of 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY HOUSTON and CLIFTON COOPER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CINTAS CORPORATION,<br><br>Defendant. | CASE NO. C05-03145-JSW<br><br>[RELATED TO CASE NO. C04-00281-JSW]<br><br>**STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION**<br><br>Complaint Filed: August 3, 2005<br>Trial Date: None Set<br><br>Judge: Hon. Jeffrey S. White |

Case No. C05-03145-JSW                                STIPULATION AND [PROPOSED] ORDER RE: STAY OF
                                                     PLAINTIFFS' CLAIMS PENDING ARBITRATION

# STIPULATION

Plaintiffs LARRY HOUSTON ("Houston") and CLIFTON COOPER ("Cooper"), and Defendant CINTAS CORPORATION ("Defendant" or "Cintas"), by and through their counsel of record, hereby stipulate as follows:

Case 3:05-cv-03145-JSW    Document 17    Filed 11/22/2005    Page 2 of 12

1. On August 3, 2005, Houston and Cooper filed a Class Action Complaint and Demand for Jury Trial (the "Houston Complaint") in the above-referenced action (the "Houston Action"). The Houston Complaint alleges causes of action pursuant to, *inter alia*, 42 U.S.C. § 1981 ("Section 1981"), and California Business and Professions Code section 17200, *et seq.* ("Section 17200").

2. On September 19, 2005, the Houston Action was deemed related to the action entitled *Robert Ramirez, et al. v. Cintas Corporation*, United States District Court (N.D. Cal.) Case No. C04-0281-JSW (the "Ramirez Action"), pursuant to a Stipulation and Order to Have Cases Related.

3. On September 21, 2005, the Court in the Houston Action extended the date by which Cintas was required to file an answer or Rule 12 motion in response to the complaint until 21 days after this Court ruled in the Ramirez Action on Cintas' motion to dismiss or compel arbitration of plaintiff Morgan's claims, pursuant to a Stipulation and Order Extending the Date by which Defendant Must Answer or Otherwise Plead to the Complaint.

4. On November 2, 2005, the Court in the Ramirez Action issued an Order Granting in Part and Denying in Part Motion of Defendant Cintas Corporation to

Case No. C05-03145-JSW    1    STIPULATION AND [~~PROPOSED~~] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION

Dismiss Claims of Plaintiff James Morgan Or, in the Alternative, Stay His Claims and Compel Arbitration (the "Morgan Order").

5. The Morgan Order states, *inter alia*, that (a) Plaintiff Morgan ("Morgan") is compelled to arbitrate his claims in the Ramirez Action under Section 1981, Title VII, California Fair Employment and Housing Act ("FEHA"), and Section 17200, except to the extent that he seeks injunctive relief under Section 17200; (b) Morgan's claim for injunctive relief under Section 17200 is severed from his other, arbitrable claims; and (c) the Ramirez Action is stayed with respect to Morgan, pending an arbitration proceeding in the Northern District of California.

6. On or about March 4, 2002, Plaintiff Houston executed an Employment Agreement with Cintas (the "Houston Agreement"), which states at Paragraph 5:

> EXCLUSIVE METHOD OF RESOLVING DISPUTES OR DIFFERENCES.
>
> Should any dispute or difference arise between Employee and Employer concerning whether Employer or any agent of Employer ever at any time violated any duty to Employee, right of Employee, law, regulation or public policy or breached this Agreement, Employee and Employer shall confer and attempt in good faith to resolve promptly such dispute or difference. To have a fair, timely, inexpensive and binding method of resolving any such dispute or difference remaining unresolved after Employee and Employer confer in good faith, should Employee desire to pursue Employee's claim, Employee shall, within one year of the date when the dispute or difference first arose or within one year of when Employee's employment ends, whichever occurs first, submit to Employer a written request to have such claim, dispute or difference resolved through impartial arbitration conducted in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes and held in the county and state where Employee currently works for Employer or most recently worked for Employer. Employee's initial share of the arbitration filing fee shall not exceed one day's pay or $100, whichever is less, and the

arbitrator shall have authority to direct Employer to reimburse Employee for that portion of the filing fee paid by Employee if the arbitrator upholds Employee's claim.

In any arbitration proceeding, the arbitrator shall apply the terms of this Agreement as written, the Federal Arbitration Act and other relevant federal and state laws, including time limits on claims. If Employer loses the arbitration, Employer shall bear all fees, expenses, and charges of the American Arbitration Association and the arbitrator. The arbitrator also shall have the authority to award appropriate relief, including damages, costs and attorney's fees, as available under relevant laws, provided that the Arbitrator cannot direct Employee to pay more than a total of two days' pay as costs, expenses and attorney's fees to Employer, the arbitrator or the American Arbitration Association.

Except for Employee's workers' compensation claim or unemployment benefits claim, the impartial arbitration proceeding, as provided in this Paragraph 5, shall be the exclusive, final and binding method of resolving any and all claims of Employee against Employer, but the arbitrator shall have authority to entertain and decide a motion for reconsideration of the arbitration award. A legal action either to maintain the status quo pending arbitration or to enforce the agreement to arbitrate or an arbitration award may be filed and pursued in any court having jurisdiction, but otherwise Employee shall not file in any court any lawsuit or counterclaim contending that Employer or any agent of Employer violated any duty, right, law, regulation or public policy or breached this Agreement.

7. On or about September 24, 2002, Plaintiff Cooper executed an Employment Agreement with Cintas (the "Cooper Agreement"), which states at Paragraph 5:

EXCLUSIVE METHOD OF RESOLVING DISPUTES OR DIFFERENCES. Should any dispute or difference arise between Employee and Employer concerning whether Employer or any agent of Employer ever at any time violated any duty to Employee, right of Employee, law, regulation or public policy or breached this Agreement, Employee and Employer will confer and attempt in good faith to resolve promptly such dispute or difference. To have a fair, timely, inexpensive and binding method of resolving any such dispute or difference remaining unresolved after Employee and Employer confer in good faith, should either desire to pursue a claim against the other party, that party making the claim will, within one year of the date when the dispute or difference first arose or within one year of when

Case No. C05-03145-JSW      3      STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION

Employee's employment ends, whichever occurs first (except when Employee or Employer claims a violation of a specific statute having its own specific statute of limitations, that statutory time limit will apply), submit to the other party a written request to have such claim, dispute or difference resolved through impartial arbitration conducted in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes and held in the county and state where Employee currently works for Employer or most recently worked for Employer. Employee's initial share of the arbitration filing fee will not exceed one day's pay or $100, whichever is less, and the arbitrator will have authority to direct Employer to reimburse Employee for that portion of the filing fee paid by Employee if the arbitrator upholds Employee's claim.

In any arbitration proceeding, the arbitrator will apply the terms of this Agreement as written, the Federal Arbitration Act and other relevant federal and state laws, including time limits on claims. If Employer loses the arbitration, Employer will bear all fees, expenses, and charges of the American Arbitration Association and the arbitrator. The arbitrator also will have the authority to award appropriate relief, including damages, costs and attorney's fees, as available under relevant laws, but the Arbitrator cannot direct Employee to pay more than a total of $200 or two days of Employee's pay, whichever is less, toward the fees of the arbitrator and the American Arbitration Association.

Except for Employee's workers' compensation claim or unemployment benefits claim or any dispute concerning the interpretation, enforceability or enforcement of any provision in Paragraph 3 of this Agreement, the impartial arbitration proceeding, as provided in this Paragraph 5, will be the exclusive, final and binding method of resolving any and all disputes between Employer and Employee, but the arbitrator will have authority to entertain and decide a motion for reconsideration of the arbitration award. A legal action either to maintain the status quo pending arbitration or to enforce the agreement to arbitrate or an arbitration award may be filed and pursued by either Employee or Employer in any court having jurisdiction, but otherwise neither party will file in any court any lawsuit or counterclaim contending that Employee, Employer or any agent of Employer violated any duty, right, law, regulation or public policy or breached any provision of this Agreement other than those in Paragraph 3 of this Agreement.

8. To avoid unnecessary time, expense, and burden on the Court, the parties seek to reach an agreement regarding arbitration of the claims of Houston and

Case No. C05-03145-JSW

4

STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION

Cooper pursuant to Paragraph 5 of the Houston Agreement and Cooper Agreement, respectively.

NOW, THEREFORE, the parties additionally stipulate and request through their counsel of record that the Court order as follows:

9. (a) Houston will make a demand for arbitration in the Northern District of California for his claims arising out of or related to his allegations in the Houston Complaint, including but not limited to his claims under Section 1981 and Section 17200 (except to the extent Houston seeks injunctive relief under Section 17200), pursuant to the terms of Paragraph 5 of the Houston Agreement; (b) Houston's claim for injunctive relief under Section 17200 is severed from the claims he will arbitrate; and (c) the Houston Action is stayed with respect to Houston pending completion of an arbitration proceeding in the Northern District of California.

10. (a) Cooper will make a demand for arbitration in the Northern District of California for his claims arising out of or related to the allegations in the Houston Complaint, including but not limited to his claims under Section 1981 and Section 17200 (except to the extent Cooper seeks injunctive relief under Section 17200), pursuant to the terms of Paragraph 5 of the Cooper Agreement; (b) Cooper's claim for injunctive relief under Section 17200 is severed from the claims he will arbitrate; and (c) the Houston Action is stayed with respect to Cooper pending completion of an arbitration proceeding in the Northern District of California.

11. Pursuant to Paragraph 5 of the Houston Agreement, Houston's initial share of the American Arbitration Association's ("AAA") arbitration filing fee associated with an individual arbitration shall not exceed one day's pay or $100, whichever is less.

Case No. C05-03145-JSW

5

STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION

12. Pursuant to Paragraph 5 of the Cooper Agreement, Cooper's initial share of the AAA's arbitration filing fee associated with an individual arbitration shall not exceed one day's pay or $100, whichever is less.

13. In response to Houston's and Cooper's demands for arbitration, Cintas (a) will not object to arbitration on the grounds that the requests to arbitrate are untimely under the terms of the arbitration agreements (although defendant may raise whatever objections it has as to timeliness with respect to Houston's and Cooper's underlying statutory claims); and (b) will not object to proceeding in arbitration in the Northern District of California.

14. As in the Morgan Order, it will be up to the arbitrator to determine (a) whether Houston and Cooper may proceed on a class-wide basis in arbitration, and (b) if so, (i) the scope of the class, and (ii) who bears responsibility for the administrative and arbitrator's fees and costs of a class-wide arbitration.

15. Houston and Cooper reserve the right to move this Court for an order to proceed with their individual and class claims before this Court in the event that (a) the arbitrator rules that the arbitration agreements they signed prohibit class arbitration; or (b) the AAA and/or the arbitrator require payment, in whole or in part, from Houston or Cooper of any combination of filing fees, administrative fees, and/or arbitrator's fees, in excess of $100 or a day's pay, whichever is less for each of them, respectively. Any position that Cintas takes in said arbitration(s) with regard to fees and costs shall not set a precedent and shall be without prejudice to Cintas's right, hereby expressly reserved, to assert that different amounts are applicable to other claimants or in other proceedings involving the same claimants.

Case No. C05-03145-JSW

6

STIPULATION AND [PROPOSED] ORDER RE: STAY OF PLAINTIFFS' CLAIMS PENDING ARBITRATION

16. By entering into this Stipulation, Houston and Cooper do not waive, and specifically reserve, their position that they should not, under applicable law, be compelled to arbitrate their claims, and that they should be and are entitled to proceed to litigate those claims in this Court. Houston and Cooper specifically reserve this position and their right to assert it on any subsequent appeal of the Houston action to the United States Court of Appeals. However, Houston and Cooper will not argue that the arbitration agreements are unenforceable contracts under state law because enforcement would violate state law public policy; the agreements are unconscionable under state law; or, the agreements, on their face, even as modified by this stipulation, improperly deny plaintiffs their statutory rights or improperly interfere with enforcement of those rights, except that Houston and Cooper may present any of those arguments to the Court and ask the Court to rescind the referral of their claims to arbitration if there is a new court decision, statute, or law that materially affects the consideration of these issues.

17. All dates previously set in the Houston Action are vacated.

SO STIPULATED.

DATED: November 22, 2005          MINER, BARNHILL & GALLAND

                                  By:_____/s/_____
                                           PAUL STRAUSS

                                  Attorneys for Plaintiffs

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: November 22, 2005 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 3 | | |
| 4 | | By: _____/s/_____ |
| | | NANCY L. ABELL |
| 5 | | |
| 6 | | Attorneys for Defendant |
| | | CINTAS CORPORATION |

Case 3:05-cv-03145-JSW   Document 17   Filed 11/22/2005   Page 9 of 12

Case No. C05-03145-JSW

8

STIPULATION AND [PROPOSED] ORDER RE: STAY OF
PLAINTIFFS' CLAIMS PENDING ARBITRATION

## ORDER

The Court has considered the above Stipulation, and for good cause appearing therefor, the Court hereby ORDERS as follows:

1. (a) Houston is required to arbitrate his claims arising out of or related to his allegations in the Houston Complaint, including but not limited to his claims under Section 1981 and Section 17200 (except to the extent Houston seeks injunctive relief under Section 17200), pursuant to the terms of Paragraph 5 of the Houston Agreement; (b) Houston's claim for injunctive relief under Section 17200, if any, is severed from his other, arbitrable claims; and (c) the Houston Action is stayed with respect to Houston pending completion of an arbitration proceeding in the Northern District of California.

2. (a) Cooper is required to arbitrate his claims arising out of or related to the allegations in the Houston Complaint, including but not limited to his claims under Section 1981 and Section 17200 (except to the extent Cooper seeks injunctive relief under Section 17200), pursuant to the terms of Paragraph 5 of the Cooper Agreement; (b) Cooper's claim for injunctive relief under Section 17200, if any, is severed from his other, arbitrable claims; and (c) the Houston Action is stayed with respect to Cooper pending completion of an arbitration proceeding in the Northern District of California.

3. Pursuant to Paragraph 5 of the Houston Agreement, Houston's initial share of the American Arbitration Association's ("AAA") arbitration filing fee associated with an individual arbitration shall not exceed one day's pay or $100, whichever is less.

4.  Pursuant to Paragraph 5 of the Cooper Agreement, Cooper's initial share of the AAA's arbitration filing fee associated with an individual arbitration shall not exceed one day's pay or $100, whichever is less.

5.  As in the Morgan Order, it will be up to the arbitrator to determine (a) whether Houston and Cooper may proceed on a class-wide basis in arbitration, and (b) if so, (i) the scope of the class, and (ii) who bears responsibility for the administrative and arbitrator's fees and costs of a class-wide arbitration.

6.  Houston and Cooper reserve the right to move this Court for an order to proceed with their individual and class claims before this Court in the event that (a) the arbitrator rules that the arbitration agreements they signed prohibit class arbitration; or (b) the AAA and/or the arbitrator require payment, in whole or in part, from Houston or Cooper of any combination of filing fees, administrative fees, and/or arbitrator's fees, in excess of $100 or a day's pay, whichever is less for each of them, respectively.

7.  By entering into this Stipulation, Houston and Cooper do not waive, and specifically reserve, their position that they should not, under applicable law, be compelled to arbitrate their claims, and that they should be and are entitled to proceed to litigate those claims in this Court. Houston and Cooper specifically reserve this position and their right to assert it on any subsequent appeal of the Houston action to the United States Court of Appeals. However, Houston and Cooper will not argue that the arbitration agreements are unenforceable contracts under state law because enforcement would violate state law public policy; the agreements are unconscionable under state law; or, the agreements, on their face, even as modified by this stipulation, improperly deny plaintiffs their statutory rights or improperly interfere with enforcement of those rights, except that Houston and Cooper may present any of those arguments to the Court and ask the Court to

rescind the referral of their claims to arbitration if there is a new court decision, statute, or law that materially affects the consideration of these issues, and this Stipulation and Order shall not be used to infer or imply that the Court has any opinion regarding the validity or the merits of such a motion.

8. All dates previously set in the Houston Action are vacated.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November 22, 2005

*/s/ Jeffrey S. White*
HONORABLE JEFFREY S. WHITE
United States District Court Judge

Case No. C05-03145-JSW

11

STIPULATION AND [PROPOSED] ORDER RE: STAY OF
PLAINTIFFS' CLAIMS PENDING ARBITRATION