IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMIREZ, et al., | |
|     Plaintiffs, | No. C 04-00281 JSW<br>No. C 05-03145 JSW |
|     v. | |
| CINTAS CORPORATION, | **ORDER DENYING PETITION TO VACATE ARBITRATION AWARD** |
|     Defendant. | |
| LARRY HOUSTON, et al. | |
|     Plaintiffs, | |
|     v. | |
| CINTAS CORPORATION, | |
|     Defendant. | |

### INTRODUCTION

This matter comes before the Court upon consideration of Cintas Corporation's ("Cintas") Petition to Vacate Arbitration Award. Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).) For the reasons set forth in the remainder of this Order, Cintas' Petition is DENIED and the hearing set for December 1, 2006 is VACATED.

//

# BACKGROUND

The facts relevant to this dispute are set forth in the Court's Orders granting in part and denying in part Cintas' motions to dismiss or to compel arbitration and shall not be repeated here. (*See* Docket Nos. 81, 173.) In those Orders, the Court determined that the issue of whether Cintas' arbitration agreements permitted class arbitration was a matter for the arbitrator to decide. (*See* Docket No. 81 at p. 14; Docket No. 173 at 12.)

Pursuant to the Court's Order requiring certain plaintiffs to arbitrate their claims with Cintas, the parties commenced arbitration proceedings before the Honorable Eugene F. Lynch (Ret.) (hereinafter the "Arbitrator") on or about December 29, 2005.

On August 16, 2006, the Arbitrator issued a ruling entitled "Arbitrator's Opinion and Decision re Issues of Class Action Arbitration" (hereinafter the "Award"), in which he found that the arbitration agreements permitted class arbitration, although he expressly stated that he "need not address at this time the merits of whether the facts of this case would allow the class to be *certified* (*i.e.,* numerosity, commonality, etc.)" (Declaration of Paul Grossman, Ex. V (Award at 00008 n.2 & 20 (emphasis in original).) The Arbitrator also interpreted the Arbitration Agreement to permit a class arbitration in Alameda County, and not in a county where a Cintas employee currently works or most recently worked. (*Id.* at 20-22.)

Although Cintas does not challenge the Arbitrator's Award with respect to the former issue, it does challenge the latter.

# ANALYSIS

**A.  Standard of Review**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, a court may vacate an arbitration award on the following grounds: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a

mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(1)-(4).[1]

The Ninth Circuit has made clear that arbitrators "exceed their powers" within the meaning of 9 U.S.C. § 10(a)(4) "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' ... or exhibits a 'manifest disregard of the law.'" *Kyocera Corp. v. Prudential Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith*, 784 F.2d 902, 906 (9th Cir. 1982) and *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir. 1991)).

"These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration matters." *Id.* at 998; *see also G.C. & K.B. Investments, Inc.*, 326 F.3d 1096, 1105 (9th Cir. 2003) (noting that courts "have interpreted sections 9 and 10 [of the Federal Arbitration Act] narrowly").

**B.    The Question of the Place of Arbitration is Not a "Gateway Issue."**

Cintas contends, relying on *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), that the question of where the arbitration may proceed is a "gateway" matter to be determined by this Court. The Court disagrees. In *Bazzle*, the Supreme Court cited as examples of "gateway" matters the issues of "whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Bazzle*, 539 U.S. at 452. The Supreme Court further clarified the meaning of a "gateway" matter when it stated that the issue presented in *Bazzle* was not about the "validity of the arbitration clause nor its applicability to the underlying dispute between the parties," but rather "what *kind of arbitration proceeding* the parties agreed to." *Id.* at 452-53 (emphasis added). The Court noted that the answer to that question involved "contract interpretation and arbitration procedures," questions that an arbitrator is well suited to answer. *Id.* at 453.

---

[1]    Cintas does not rely on 9 U.S.C. § 10(a)(1)-(3) as bases for challenging the Award.

3

1    Contrary to Cintas' position, the instant dispute, as in *Bazzle*, does not involve whether
2  the arbitration clause applies to a certain type of controversy. Rather, as is evident from Cintas'
3  argument in support of vacating the award, the dispute pertains to the Arbitrator's interpretation
4  of the arbitration clause itself and, specifically, to what kind of arbitration proceedings the
5  parties agreed. As this Court made clear in its Order requiring arbitration of these claims,
6  disputes over the meaning of specific terms are matters for the Arbitrator to decide in the first
7  instance. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Prima Paint*, 388
8  U.S. 395, 403-04 (1967) (holding that "a federal court may consider only issues relating to the
9  making and performance of the agreement to arbitrate").

**C.     The Arbitrator's Award Will Not Be Vacated.**

As set forth above, this Court's review of the Arbitrator's Award is limited, and the Court should not set it aside unless the Award is 'completely irrational,' ... or exhibits a 'manifest disregard of the law.'" *Kyocera*, 341 F.3d at 997. The Court has considered Cintas' argument that the Arbitrator exceeded his jurisdiction but finds that Cintas' argument is nothing more than a disagreement with the Arbitrator's interpretation of the arbitration agreement. That is not a proper basis for this Court to vacate the Award. *See, e.g., United Paperworkers Int'l Union v. Misco,* Inc., 484 U.S. 29, 38 (1987) ("The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract. .... [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of this authority, that a court is convinced he committed serious error does not suffice to overturn his decision.") (brackets as in original); *Pacific Reins. Mgmt. Co. v. Ohio Reins. Corp.*, 935 F.2d 1019, 1024 (9th Cir. 1991) ("[C]ourts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether the panel's decision draws its essence from the contract. In making that determination, the district court must accord considerable deference to the arbitrator's judgment and should not vacate the award because it interpreted the agreement differently.") (internal quotations, citations and brackets omitted).

Moreover, in reaching his decision, the Arbitrator set forth the applicable principles of contract interpretation and recognized that he could not add to the plain language of the agreement. (*See* Award at 17, 21.) He then interpreted the agreement to permit a class action in a county other than where an employee last worked. Cintas may disagree with this interpretation, but the Court cannot say that the Arbitrator manifestly disregarded the law.[2] *See, e.g., Carter v. Health Net of California, Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) ( "Manifest disregard of the law means something more than just an error of law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it.") (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). Because the Arbitrator determined that the matter can proceed as a class action, the Court also does not find an interpretation of the Agreement that would permit the matter to proceed as a putative nation-wide class action, pending a ruling on class-certification, to be irrational.

## CONCLUSION

For the foregoing reasons, Cintas' petition to vacate the arbitration award is DENIED. The parties shall, in accordance with the Court's Order requiring Joint Status Reports, submit their next report to the Court on or before February 28, 2007.

**IT IS SO ORDERED.**

Dated: November 22, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Cintas submitted for the Court's consideration the Award in the *Veliz* litigation, in which the arbitrator limited the place of arbitration to the county where any given employee last worked. Plaintiffs submit a motion to file additional authority, in which they ask the Court to take notice of an order of clarification regarding the *Veliz* award. Plaintiffs' motion is GRANTED.

5