**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HOUSTON, et al., | No. C 05-3145 JSW |
| Plaintiffs, | **ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF DISMISSAL, WITHOUT PREJUDICE AND WITHOUT NOTICE, OF PUTATIVE CLASS CLAIMS OF PLAINTIFFS ROBERT RAMIREZ, JOSE SALCEDO, CLIFTON E. COOPER, JAMES MORGAN, AND A. SHAPPELLE THOMPSON** |
| v. | |
| CINTAS CORPORATION, | |
| Defendant. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of an unopposed motion to grant a motion to dismiss the putative class claims of Plaintiffs Robert Ramirez ("Ramirez"), Jose Salcedo ("Salcedo"), Clifton E. Cooper ("Cooper"), James Morgan ("Morgan"), and A. Shappelle Thompson ("Thompson") (collectively "Plaintiffs"), and to approve a stipulation of Thompson's Individual claims with Prejudice and his putative class claims without prejudice. Having considered the parties' papers, including supplemental briefing ordered by the Court, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY GRANTS the motion and shall enter the stipulation by separate Order, and the hearing date set for April 24, 2009 is VACATED.

**BACKGROUND**

Plaintiffs filed this putative class action alleging employment discrimination against Cintas Corporation ("Cintas") on January 20, 2004. Ramirez and Salcedo allege that Cintas discriminated against Hispanics who have held positions as exempt supervisors or managers at Cintas' Rental Division below the General Manager (or Branch Manager or equivalent) in promotion out of these positions, in violation of 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"). Houston alleges that Cintas discriminated against African Americans in promotion to Service Manager positions in Cintas' Rental Division, in violation of Section 1981 and California Business and Professions Code § 17200 ("Section 17200"). Cooper, alleges that Cintas discriminated against African American managers in compensation in Cintas' Rental Division, in violation of Section 1981, Title VII, and California's Fair Employment and Housing Act, Cal. Govt. Code §§ 12940 *et seq.* ("FEHA"), and Section 17200. Morgan alleges that Cintas discriminated against African American Service Sales Representatives ("SSR") through a compensation and assignment scheme that placed them in lower paying SSR jobs than their white counterparts, in violation of Section 1981, Title VII, FEHA and Section 17200. Thompson raises the same claim under Section 1981.

Pursuant to Court Order or stipulation, the Plaintiffs instituted an arbitration, on behalf of themselves and the classes they seek to represent, which currently is pending. Neither this Court nor the Arbitrator have certified a class, although the Arbitrator has ruled that the Plaintiffs may seek class certification. The Plaintiffs now seek to dismiss the putative class claims and proceed with their individual claims in the arbitration proceedings.[1] Cintas does not oppose the motion.

**ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismiss, or compromised only with the court's approval." Although Rule 23(e) expressly refers to certified classes, before Rule 23(e) was

---

[1] Five other current or former Cintas SSRs have expressed an interest in proceeding with individual claims in arbitration. (*See* Declaration of Heather M. Mills ("Mills Decl."), ¶ 8.)

2

1  amended in 2003, the Ninth Circuit had held that the rule applied to pre-certification dismissals
2  and compromises. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir.
3  1989). In that case, the court stated that pre-certification approval was required "to ensure that
4  [a settlement] is not collusive or prejudicial." *Id.* In making that determination, the Ninth
5  Circuit stated that "the district court should inquire into possible prejudice from (1) class
6  members possible reliance on the filing of the action if they are likely to know of it either
7  because of publicity or other circumstances, (2) lack of adequate time for class members to file
8  other actions, because of a rapidly approaching statute of limitations, and (3) any settlement or
9  concession for class interests made by the class representative or counsel in order to further
10 their own interests." *Id.*

11 Plaintiffs state that they have filed their motion "as a cautionary step," in light of several
12 decisions arising out of this district, which have approved pre-certification dismissals relying on
13 factors outlined in *Diaz*. *See, e.g., Castro v. Zenith Acquisition Corp.*, 2007 WL 81905 (N.D.
14 Cal. Jan. 9, 2007); *Singer v. Am. Airlines Fed. Credit Union*, 2006 WL 3093759 (N.D. Cal. Oct.
15 30, 2006).

16 Assuming without deciding that Rule 23 applies in this instance, the Court concludes
17 that, based on the factors outlined in *Diaz*, it is appropriate to grant the motion and permit
18 Plaintiffs to dismiss their class claims without notice and to permit Thompson to dismiss his
19 individual claims. First, although there has been some publicity regarding this case and articles
20 in which some of the Plaintiffs were mentioned by name, it has been minimal. (Mills Decl., ¶¶
21 4-6, Exs. A-I.) Further, Plaintiffs' counsel attests that they have spoken to seven individuals
22 with claims similar to those of the Plaintiff's putative class claims, and that five of those
23 individuals have expressed interest in pursuing claims through arbitration. Two other
24 individuals have filed their own individual claims against Cintas. (*Id.* ¶ 8.)

25 Second, the parties do not seek to dismiss the class claims with prejudice and, therefore,
26 they are not impacting the rights of potential class members.

27 Third, the statute of limitations has been tolled since the suit was filed. *See American*
28 *Pine and Construction v. Utah*, 414 U.S. 538 (1974). Potential class members who may have

3

relied on the Plaintiffs' claims still have time to file suit if they so choose. The one exception pertains to Morgan's Title VII claims. However, based on the supplemental briefing provided by Plaintiffs, the Court finds that potential plaintiffs with claims similar to Morgan will be adequately protected by their ability to file a claim under Section 1981.

Thus, the Court finds that each of the *Diaz* factors weighs in favor of approving the settlement and dismissal without notice to the class. The motion is, therefore, GRANTED.

**IT IS SO ORDERED.**

Dated: April 3, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE